USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/30/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

-against-

19-cr-0780 (LAK)

SYLVIA ASH,

Defendant.
------------------------------------------x

**MEMORANDUM AND ORDER ON MOTION FOR BAIL PENDING APPEAL**

LEWIS A. KAPLAN, *District Judge.*

The defendant, then a Justice of the Supreme Court of the State of New York and presiding justice of the Commercial Division in Kings County, was convicted on December 13, 2021 of conspiring to obstruct justice, in violation of 18 U.S.C. § 371 (Count One); obstruction of justice, in violation of 18 U.S.C. § 1512(c) (Count Three); and making a false statement to federal investigators, in violation of 18 U.S.C. § 1001 (Count Four). She was acquitted of obstruction of justice, in violation of 18 U.S.C. § 1519 (Count Two).

On February 23, 2022, I denied the defendant's motion for a new trial based on claimed evidentiary errors at trial and an allegedly erroneous ruling on a motion to suppress. Specifically, I held that the defendant "ha[d] not even demonstrated that any of the evidentiary rulings presented a particularly difficult question, let alone that any of the Court's rulings abused its broad discretion," and that the defendant's "attack [of] the suppression ruling, which is reported at *United States v. Ash*, 464 F. Supp. 3d 621 (S.D.N.Y. 2020), [wa]s without merit." Dkt. No. 168. Judgment was entered on April 26, 2022 sentencing defendant in principal part to a term of

imprisonment of 15 months and a fine of $80,000. Defendant then filed a notice of appeal on May 10, 2022. She recently sought and obtained from the Circuit a schedule allowing until August 31, 2022 for the filing of her opening brief. She now moves in this Court for bail pending appeal.

Section 3143(b) of the Criminal Code[1] requires that a defendant be admitted to bail pending appeal if the sentencing court finds (1) by clear and convincing evidence, that the defendant is not a flight risk and does not pose a danger to the safety of any other person or the community, and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact that, insofar as is relevant here, is likely to result in" a "reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

I accept, as defendant argues, that the standards of substantiality and likelihood of success on appeal that are contemplated by the statute are not particularly demanding. The governing precedent in this circuit is *United States v. Randell,* 761 F.2d 122, 124-25 (2d Cir. 1985), which I apply here in all respects. That said, I do not see my way clear to granting bail in this case without regard to consideration of risk of flight or lack thereof.[2]

As an initial matter, I have concluded that the defendant has not established, even

---

1 18 U.S.C. § 3143(b).

2 The government did not seek detention at Ms. Ash's bail hearing at the outset of this case. Nevertheless, the magistrate judge noted that "[a]fter Ms. Ash and her attorney learned of the arrest warrant . . . there ha[d] been at best continued obfuscation if not further deception by omission as the government sought Ms. Ash's surrender." Transcript of Presentment Hearing, Dkt. 95, Ex. B, at 9-21. *See also id.* at 21 (noting with respect to risk of flight both that "the events . . . as the government was trying to arrest Ms. Ash [were] not reassuring" and that the crimes charged "sound in lies and deception, in self-dealing and tampering with evidence").

under the very undemanding standard established in *Randall,* that her appeal raises any substantial question. As I said in denying defendant's motion for a new trial, the evidentiary rulings at trial that defendant evidently proposes to attack on appeal were not difficult and, in any case, are extremely unlikely to be resolved in her favor under the abuse of discretion standard that will apply on appeal. Nor do I see any material prospect of an appellate reversal on the basis either of any evidentiary ruling or rulings or of my denial of defendant's suppression motion. As to the issue of suppression, I agree with the government's argument that:

> "even if the Court put aside the evidence that the defendant sought to have suppressed, the jury's verdict was amply supported by other, overwhelming evidence of the defendant's guilt, of which she did not seek suppression, including her false statements during her first voluntary interview on March 1, 2018; her text messages obtained from her Apple iCloud account; her text messages obtained from the phone seized incident to her arrest; her text messages obtained from phones used by Wong and Joseph Guagliardo; testimony from current and former MCU employees; and records obtained from MCU, among other things."[3]

There is another consideration that merits brief mention. Defendant was convicted six months ago. She has not proceeded expeditiously with her appeal in that she asked for and received approval of a schedule calling for the filing of her brief by August 31 – nine months after the jury verdict. Her actions are consistent with a desire to parlay that relaxed appellate schedule and the present motion for bail pending appeal into an unwarranted delay in the execution of her sentence.

---

3 Dkt. 192, at 5.

I have considered defendant's other arguments, including those relating to the fine, and find them to be insubstantial.

Accordingly, the motion for release on bail pending appeal (Dkt. 191) is denied.

SO ORDERED.

Dated: June 30, 2022

Lewis A. Kaplan
United States District Judge